UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

VESNA MARIJANOVIC,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant,

                                  /

Case No. 1:15-CV-1209

HON. ELLEN S. CARMODY

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 8.)

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed.**

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever evidence in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be

reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was fifty years of age on the date of the ALJ's decision. (PageID.45, 72.) She possesses a high school education from the country of Croatia and previously worked as an assembly machine tender. (PageID.74, 91.) Plaintiff applied for benefits on March 26, 2013, alleging that she had been disabled since December 12, 2012, due to issues stemming from surgery on both of her hands as well as carpal tunnel syndrome. (PageID.100, 106, 169–170.) Plaintiff's applications were denied on April 30, 2013, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.112–119, 123–125.) On December 17, 2013, Plaintiff appeared with her counsel before ALJ Carol Guyton for an administrative hearing at which time both Plaintiff (through an interpreter) and a vocational expert (VE) testified. (PageID.65–97.) In a written decision dated May 30, 2014, the ALJ determined that Plaintiff was not disabled. (PageID.45–64.) On September 18, 2015, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.18–21.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*. 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (noting that the ALJ determines RFC at step four, at which point the claimant bears the burden of proof).

The ALJ determined that Plaintiff's claim failed at step four. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of December 12, 2012. (PageID.50.) At step two, the ALJ found that Plaintiff suffered from

---

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. §§ 404.1520(f), 416.920(f)).

the following severe impairments: (1) bilateral carpal tunnel syndrome and bilateral tenosynovitis, status post carpal tunnel release and trigger thumb surgeries; (2) diabetes mellitus; (3) obesity; (4) bipolar disorder; and (5) post-traumatic stress disorder (PTSD). (PageID.50.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (PageID.50–52.)  At step four, the ALJ determined Plaintiff retained the RFC based on all the impairments:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can only frequently handle with both hands. In addition, the claimant can perform unskilled work, that is, simple routine tasks involving no more than simple short instructions and simple work-related decisions with few workplace changes.  The claimant can have no contact with the general public and only occasional contact with coworkers.

(PageID.52.)  Continuing with the fourth step, the ALJ posed the above RFC in a hypothetical question to the VE.[2]  In response to the ALJ's questioning, the VE testified that Plaintiff was able to return to her past relevant work as an assembly machine tender.  (PageID.93.)  Relying on the VE's testimony, the ALJ determined that Plaintiff was capable of performing this work both as it was generally and as it was actually performed.  (PageID.59.)  Having made her determination at step four, the ALJ completed the analysis and entered a decision finding Plaintiff was not under a disability from her alleged onset date through May 30, 2014, the date of decision.  (PageID.60.)

---

[2] Vocational expert testimony is not required at step four of the sequential analysis. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 544–45 (6th Cir. 2007); *see also* 20 C.F.R. § 404.1560(b)(2). However, the ALJ may use a vocational expert's services in determining whether a claimant can perform her past relevant work.  20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2) (a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy.").  It is common practice for an ALJ to rely upon a VE's testimony at step four of the sequential analysis. *See, e.g.*, *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 548 (6th Cir. 2002).

## DISCUSSION

**1.     The ALJ's Analysis of Ms. Carrie Raap's Opinion.**

On October 18, 2013, Ms. Carrie Raap, a licensed social worker, completed an assessment worksheet regarding Plaintiff's limitations. Ms. Raap was asked to indicate the severity of Plaintiff's limitations in several specific categories encompassing the areas of making occupational adjustments, making performance adjustments, and making personal and social adjustments. (PageID.486–487.) She also offered an opinion regarding the severity of Plaintiff's functional limitations in an area commonly referred to as "paragraph B" criteria. (PageID.487.) Ms. Raap indicated that Plaintiff's limitations ranged from none through extreme in severity.[3] The social worker concluded by remarking that:

> I have been seeing Mrs. Marijanovic in an out patient mental health clinic since 5-3-13. She has a diagnosis of Bipolar Disorder and Post Traumatic Stress Disorder. Mrs. Marijanovic has attended all her scheduled appointments and has engaged in treatment. While patient has made some progress in her treatment, it is not significant enough improvement for her to return to a work environment. Patient came for treatment following surgery on her hands. This surgery seems to have triggered her Post Traumatic Stress Disorder and is also making her symptoms of Bipolar Disorder and emotional instability markedly worse. Due to her age and symptoms at this time it is unlikely that Mrs. Marijanovic will make a significant recovery that would allow her to function in a work environment with no limitations.

(PageID.488.) The ALJ began her discussion by noting that she had considered Ms. Rapp's opinion pursuant to Social Security Ruling (SSR) 06–03p, and that opinions regarding whether an individual

---

[3] The worksheet defined mild limitations as those "that do not significantly limit a person's ability to perform most jobs." (PageID.486.) Moderate limitations were those "that result in satisfactory but limited function." (PageID.486.) Marked limitations were those that "seriously, but not completely, interfere with the ability to function independently, appropriately, and effectively on a sustained basis." (PageID.486.) Finally extreme limitations were those reflecting "a degree of limitation that is incompatible with the ability to do any gainful activity." (PageID.486.)

can work are those that are reserved to the Commissioner. The ALJ concluded by stating that she gave

> some weight to Ms. Raap's opinion that the claimant cannot return to a work environment with no limitations because the available medical evidence indicates that the claimant's mental impairments limit her to unskilled work with social functioning limitations as set forth in the residual functional capacity above. The undersigned also gives some weight to the opined severity of the claimant's mental limitations but finds that the medical evidence does not suggest that the claimant has more than moderate difficulties in maintaining concentration, persistence, or pace.

(PageID.58.) The thrust of Plaintiff's claim is that the ALJ's analysis here falls far short of the agency's requirements. The Court disagrees.

The requirement that an ALJ articulate "good reasons" for affording less than controlling weight to a care provider's opinion only applies to opinions rendered by acceptable medical sources. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). Moreover, only acceptable medical sources can offer medical opinions. *See, e.g.*, 20 C.F.R. §§ 404.1527(a) (2); 416.927(a)(2). In this context, a medical opinion is defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2); 416.927(a)(2). A social worker is not an "acceptable medical source." *See* 20 C.F.R. §§ 404.1513(a), (d) 416.913(a), (d); *see also Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 119 (6th Cir. 2010) ("[S]ocial workers are not acceptable medical sources under social security regulations."). There is no "treating social worker rule," and the opinion of a social worker is not entitled to any particular weight. *See Hayes v. Comm'r of Soc. Sec.*, No. 1:09–cv–1107, 2011 WL

2633945, at *6 (W.D. Mich. June 15, 2011) (collecting cases).

Nevertheless, social workers and other unacceptable medical sources, are permitted to offer statements regarding "the severity of [a claimant's] impairment(s) and how [such] affects [her] ability to work." *See, e.g.*, 20 C.F.R. §§ 404.1513(d); 416.913(d). When evaluating a statement from an unacceptable medical source, the ALJ is not required to assess such pursuant to any particular factors or benchmarks. *See, e.g.*, *Gayheart*, 710 F.3d at 378 ("[t]he factors set forth in 20 C.F.R. § 404.1527 . . . apply only to medical opinions from acceptable medical sources"). Instead, the ALJ is required simply to "consider" statements from unacceptable medical sources. *See, e.g.*, *Gayheart*, 710 F.3d at 378 (quoting SSR 06–03P, 2006 WL 2329939 at *4 (S .S.A., Aug. 9, 2006)).

Plaintiff properly identifies SSR 06–03p as providing guidance for considering opinions from other sources such as social workers. She claims the facts of this case are analogous to those of an Eastern District of Michigan case in which Magistrate Judge Randon remanded an ALJ's decision for failure to properly consider the opinion of an other source opinion under SSR 06–03p. (PageID.664) (citing *Hogston v. Comm'r of Soc. Sec.*, No. CIV.A. 12-12626, 2013 WL 5423781, at *10 (E.D. Mich. Sept. 26, 2013)). Eastern District of Michigan decisions, however, are not binding on this Court. *See Michigan Elec. Employees Pension Fund v. Encompass Elec. & Data, Inc.*, 556 F.Supp.2d 746, 761–62 (W.D. Mich.2008); *see also White v. Comm'r of Soc. Sec.*, No. 1:13–cv–172, 2014 WL 1028888, at * 6 n.6 (W.D. Mich. Mar. 17, 2014). Moreover, the Court does not find the concerns that warranted a remand in *Hogston* to be present here. The ALJ's decision provided an extensive discussion of the record, including a thorough evaluation of Plaintiff's treatment with Ms. Raap. (PageID.56–57.) In doing so, the ALJ identified several records that

8

noted Plaintiff did not consistently take her medication. (PageID.518, 558, 581, 585.) When she did take her medication, she reported feeling better. (PageID.540.) On those occasions her mood improved and she was able to sleep better. (PageID.540, 564.) It was reported that Plaintiff made "some progress towards goals by taking medication regularly." (PageID.570.) She was "calmer and was smiling and friendly." (PageID.564.) All this, the ALJ concluded, did not warrant limitations beyond those found in the RFC. (PageID.58.) SSR 06–03p states that "there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision." Accordingly, "the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06–03p, 2006 WL 2329939, at *6 (S.S.A. Aug. 9, 2006). The ALJ has done so here, and accordingly Plaintiff's claim of error is rejected

### 2. **Plaintiff has Waived Her Second Claim of Error.**

In her second claim of error, Plaintiff claims the ALJ's conclusion that she was capable of performing substantial gainful activity is unsupported by substantial evidence due to the fact that she consistently had GAF scores of 40 in the period leading up to the administrative hearing.[4] (PageID.653.) These GAF scores are referenced in her statements of facts. (PageID.657.) Her argument, however, merely provides the following conclusory sentences:

---

[4] The Global Assessment of Functioning (GAF) score refers to the clinician's judgment of the individual's overall level of functioning. AMERICAN PSYCHIATRIC ASSOCIATION, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 32 (4th ed. 2000). A GAF score of 40 indicates "some impairment in reality testing or communication (e.g., speech is at times illogical, obscure or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school)." *Id.* at 34.

> The evidence in this case shows that Mrs. Marijanovic, who had numerous prior psychiatric hospitalizations, and whose mental illness was documented by many of the medical professionals she saw for her [physical] impairments, was functioning at a GAF level of 40 for the eight months prior to the hearing held in this matter. For the ALJ, without citing any contrary evidence of record, to find that Mrs. Marijanovic was capable of substantial gainful employment was to render a decision that was not supported by substantial evidence.

(PageID.666.) Plaintiff has waived this claim of error. "'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)); *see United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996); accord *Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 475 (6th Cir. 2014) ("[P]laintiff develops no argument to support a remand, and thus the request is waived."). Even if it was not waived, the Court finds such an argument would fail. Indeed the Sixth Circuit has explicitly rejected the proposition that an ALJ should determine disability based solely on the unsupported, subjective determination of a GAF score. *Rutter v. Comm'r of Soc. Sec.*, No. 95–5772, 1996 WL 379424, at *2 (6th Cir. July 15, 1996); *see also Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 511 (6th Cir. 2006) (noting that there is no "statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score in the first place").

Accordingly, this claim of error is rejected.

## CONCLUSION

For the reasons articulated herein, the Commissioner's decision will be **AFFIRMED.**

A separate judgment shall issue.


Date:  January 19, 2017                                          /s/ Ellen S. Carmody
                                                                                 ELLEN S. CARMODY
                                                                                 United States Magistrate Judge